550 F.Supp. 939 (1982)
MEMPHIS BOAT REFUELING SERVICE, INC., Plaintiff,
v.
OLE MAN RIVER TOWING, INC., in personam, and The M/V John C. Byrd, her engines, boilers, tackle, apparel, and furniture, in rem, Defendants.
No. 82-373A(C).
United States District Court, E.D. Missouri, E.D.
September 22, 1982.
*940 Hubert Binowitz, St. Louis, Mo., for plaintiff.
Andrew Rothschild, St. Louis, Mo., Edward Lamar, Greenville, Miss., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has jurisdiction pursuant to 28 U.S.C. § 1333.
The plaintiff is a corporation with its principal place of business in Memphis, Tennessee and is engaged in the business of supplying fuel and other petroleum products to river tow boats.
The defendant, Ole Man River Towing, Inc., is a Mississippi corporation with its principal place of business in Vicksburg, Tennessee and is engaged in the business of owning and operating river tow boats and is the owner of the M/V JOHN C. BYRD, a diesel powered tow boat.
On or about August 10, 1981 Ole Man River Towing, Inc. entered into an agreement with the Marine Expediting Company which provided that the Marine Expediting Company would be furnished the M/V JOHN C. BYRD for one trip between Baton Rouge, Louisiana and Mile 6 on the Cumberland River near Smithland, Kentucky, towing empty barges northbound and loaded barges southbound. Ole Man River was to be paid $3,300 per day plus fuel. The charter agreement did not contain an express prohibition against the creation of liens against the vessel.
On August 16, 1981, while the M/V JOHN C. BYRD was operating on the lower Mississippi River in the vicinity of Memphis, Tennessee, the plaintiff, Memphis Boat Refueling delivered to the vessel 22,520 gallons of diesel fuel at a total cost of $21,957, which is a reasonable price for the fuel at $.9750 per gallon.
Prior to August 16, 1981, the Marine Expediting Company had an account with the Memphis Boat Refueling Service, Inc. and Ole Man River Towing, Inc. had an account with a corporate affiliate of the plaintiff, the Midstream Fueling Service Company, Wood River, Illinois. At the time of refueling on August 16th, the plaintiff gave the boat crew of the M/V JOHN C. BYRD a copy of the bill and sent a bill for the fuel to the defendant, Ole Man River Towing, Inc. At some point after the bill was mailed to the defendant, the plaintiff was contacted by telephone and advised that the bill should be directed to Marine Expediting Company. The plaintiff then sent a bill for the fuel to Marine Expediting Company. It was not paid and on October 5, 1981, Marine Expediting Company filed a Chapter 11 proceeding in bankruptcy in Pennsylvania. It has since been converted into a straight bankruptcy.
Plaintiff made no judicial effort to collect the money due from Marine Expediting Company. However, Ole Man River Towing, the defendant, filed a claim in the bankruptcy proceedings of Marine Expediting Company for a total amount of $64,201, which included the $3,300 per day and the 22,520 gallons of fuel furnished by the plaintiff on August 16, 1981. Plaintiff made demand against the defendant for the $21,957 which defendant refused to pay and *941 this suit was filed. The defendant claimed that before the vessel was refueled he had spoken to an employee of the plaintiff and advised that the refueling was for the account of Marine Expediting Company. However, no written communication was ever sent to confirm the alleged call and no employee of the plaintiff who was interviewed by the manager stated that they had ever received such a telephone message. At the time the gasoline was furnished, the plaintiff had no knowledge of the charter agreement and the M/V JOHN C. BYRD had no sign or notice posted on the pilot house indicating that the charterer only was to be responsible for the fuel services.
The defendant contends that the plaintiff does not have a maritime lien on the vessel. The terms of the charter agreement would indicate that Marine Expediting Company was to reimburse Ole Man River for any fuel purchased during the charter. Defendant further contends that in the event plaintiff is entitled to a lien they have waived the same by their conduct.
The Court finds that plaintiff does have a maritime lien on the M/V JOHN C. BYRD and that said lien has not been waived by their conduct. The Court further finds that the maritime lien against the M/V JOHN C. BYRD be attached on August 16, 1981 in the amount of $21,957 and that plaintiff is entitled to pre-judgment interest at the rate of 15% per annum from August 16, 1981 to the date of judgment. Plaintiff is entitled to a lien against the M/V JOHN C. BYRD, her engines, boilers, tackle, apparel, and furniture, in rem, and is also entitled to judgment against the defendant Ole Man River Towing, Inc. in personam.